[No. 4106.]

## COE AND STEDMAN REALTY COMPANY V. CORYELL.

1. EVIDENCE—*Admissions—Effect.* Defendant's admission, at the opening of the trial, that his defense is purely equitable, is, *prima facie*, an abandonment of the general denial. (61.)

2. —— *Presumptions.* Defendant's counsel announced at the opening of the trial that the defense was purely equitable. (62.)

Judgment for plaintiff, and error brought. There being no bill of exceptions, it was assumed that defendant adhered throughout the trial to the theory announced at the opening. (62.)

3. JURY—*Equitable Defenses.* Where the defense is entirely equitable the defendant is not entitled to a jury. (62.)

*Error to Denver District Court.* HON. CHAS. C. HOLBROOK, Judge.

MR. W. W. DALE, for plaintiff in error.

MR. E. L. CLOVER, for defendant in error.

CUNNINGHAM, P. J., rendered the opinion of the court.

Defendant in error filed her complaint in the district court to recover from the plaintiff in error interest which she claimed by virtue of a certain contract which had been entered into by and between the respective parties. The plaintiff in error answered, first a general denial, and then, by way of confession and avoidance, set up certain equitable defenses, admitting the execution of the contract set out in *haec verba* in the complaint, and prayed for reformation or rescission of said contract.

During his opening statement a colloquy occurred between the court and counsel for plaintiff in error, wherein the latter admitted that the defense relied on by his client was purely equitable. *Prima facie* at least, this admission by counsel for plaintiff in error amounted to an abandonment of the general denial. Especially is this so if the

admission be considered in connection with the second defense set up in the answer.

The only question debated in the briefs is as to the alleged error of the trial court in refusing plaintiff in error's demand for a jury.. After the trial court had denied the request for a jury, both parties proceeded, the trial occupying a part of two days, resulting in a judgment in favor of the defendant in error for the full amount of interest sued for. Plaintiff in error has not seen fit to bring up any of the evidence adduced on the trial; hence, for aught we know, or can ascertain, even if resort be had to the original record filed in this court, the defendant on the trial wholly abandoned its general denial, and relied entirely upon its equitable defenses. In view of the admissions made at the opening of the trial, to which we have already alluded, we are warranted in assuming, in the absence of a bill of exceptions, that plaintiff in error adhered throughout the trial to the theory announced by its counsel when the case was called. In this state of the record we cannot say that the trial court's ruling denying the request for a jury constituted error of which complaint can now be justly made.

For the reasons stated the judgment of the trial court will be affirmed.

*Affirmed.*

Decided December 6, A. D. 1915. Rehearing denied March 8, A. D. 1915.